UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD R. VIOLETT                                                                           PLAINTIFF

v.                                       CIVIL ACTION NO. 3:17CV-P531-TBR

CASEY DOWDEN et al.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald R. Violett, a prisoner incarcerated at Kentucky State Reformatory (KSR), filed a *pro se* complaint (DN 1). Subsequently he filed two motions to amend (DNs 7 & 11), which the Court granted. On November 29, 2017, the Court performed initial review of the complaint and amendments (DN 12). Upon initial review, the Court allowed the following claims to proceed: (1) the claim against Defendant Turner in her individual capacity alleging that she retaliated against Plaintiff by filing a disciplinary report; (2) the claim against Defendants Dowden, Turner, Hall, and Valentine in their individual capacities alleging that they retaliated against Plaintiff by barring him from the law library and the use of computers to draft legal documents; (3) the claim against Defendant Domalewski in his individual capacity for retaliation by filing a false report; (4) the equal protection claim against Defendants Dowden, Turner, Hall, and Valentine in their individual capacities; (5) the access-to-courts claim against Defendants Dowden, Turner, Hall, and Valentine in their individual capacities; and (6) the Eighth Amendment claim against Defendant Domalewski in his individual capacity for deliberate indifference to Plaintiff's safety. Further, the Court allowed Plaintiff 30 days to file an amended complaint as to the following three claims: (1) the claim brought under Title II of the Americans with Disabilities Act (ADA); (2) the retaliation claim regarding being placed in the

Restricted Housing Unit (RHU); and (3) the Eighth Amendment claim regarding Plaintiff slipping and falling because he was denied the use of his walker and assistance.

On December 19, 2017, Plaintiff filed an amended complaint (DN 16). The amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the following claims raised in the amended complaint to proceed: (1) the official-capacity claims under Title II of the ADA against Defendants Lefebvre and Royalty; and (2) the Eighth Amendment claim regarding the conditions of his confinement while Plaintiff was housed in the RHU against Defendant Valentine in her individual capacity for monetary damages. The following claims will be dismissed: (1) the claim under Title I of the ADA; (2) the Eighth Amendment claim regarding slipping and falling; (3) the Eighth Amendment claims against Defendants Lefebvre and Royalty regarding the conditions of confinement while Plaintiff was housed in the RHU; (4) the claim regarding Defendants using inmates as hit men; and (5) the retaliation claims.

## I. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly

baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the district court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY AND ANALYSIS OF CLAIMS

In the "Parties" section of the amended complaint, Plaintiff names the same five Defendants that he named in his original complaint and amendments: Dowden, Turner, Hall, Valentine, and Domalewski. He indicates that he sues Defendants Dowden, Hall, and Turner in their individual and official capacities. He indicates that he sues Defendant Domalewski in his individual capacity only, and he fails to state in what capacity he sues Defendant Valentine.

3

However, in the original complaint, Plaintiff sued Defendant Valentine in her individual capacity; thus, the Court construes Plaintiff's amended complaint as suing her in her individual capacity. Additionally, in the body of the amended complaint, Plaintiff seeks to add Sgt. Lefebvre and Sgt. Royalty as additional Defendants; he provides summonses for these two Defendants. Plaintiff states that he sues Defendants Lefebvre and Royalty in their official capacities only. As relief, Plaintiff seeks monetary damages, legal expenses, and to be "restored to state run programs."

In the amended complaint, Plaintiff sets forth facts that he set forth in the complaint and amendments that have already been reviewed by the Court. In the present review, the Court will not address these repeated allegations. As to these matters, the Court's prior Memorandum Opinion and Order (DN 12) remains in effect unless altered herein. The Court will only address the claims it gave Plaintiff an opportunity to amend and any new claims asserted by Plaintiff.

### A. Claim under Title I of the ADA

In the amended complaint, Plaintiff asserts a new claim under Title I of the ADA. It is difficult to ascertain what Plaintiff is alleging as a violation of Title I of the ADA. He states that he seeks to bring a claim under Title I and Title II of the ADA against Defendants Lefebvre and Royalty because he, a "designated handicapped" individual, was denied access to a walker while in the RHU "because the gate is too small for walkers and wheelchairs to go through." The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). As set out by the statute, Title I provides:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or

> discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). It does not appear that Plaintiff is asserting a claim that he lost his employment as a result of discrimination by Defendants Lefebvre and Royalty.

Accordingly, Plaintiff's claim under Title I of the ADA against Defendants Lefebvre and Royalty will be dismissed.

### B. Claims under Title II of the ADA

In the original complaint and amendments, Plaintiff alleged that Defendants discriminated against him by denying him access to the law library and computers to draft documents. He brought those claims against Defendants in their individual capacities. Since the Sixth Circuit has held that the ADA does not permit public employees or supervisors to be sued in their individual capacities, the Court dismissed the individual-capacity claims and allowed Plaintiff an opportunity to name Defendants in their official capacities as to the Title II claims, if he so chose.

In the amended complaint, Plaintiff makes assertions regarding being denied access to the law library and computers, but he does so only in the context of retaliation. This retaliation claim was allowed to proceed in the Court's November 29, 2017, Memorandum Opinion and Order (DN 12).

The only reference Plaintiff makes to Title II of the ADA in his amended complaint is that Defendants Lefebvre and Royalty denied him access to a walker while in the RHU. Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term

"public entity" is defined, in relevant part, as "any State or local government." 42 U.S.C. § 12131(1)(A). The Supreme Court has held that Title II of the ADA applies to state prisons and inmates. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998) (noting that the phrase "services, programs, or activities" in § 12132 includes recreational, medical, educational, and vocational prison programs). In addition, the Commonwealth of Kentucky (acting through its employees at KSR) is not necessarily immune from Plaintiff's claims under Title II of the ADA. The ADA "validly abrogates state sovereign immunity" for "conduct that *actually* violates the Fourteenth Amendment[.]" *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010). If conduct violates the ADA but not the Fourteenth Amendment, then the Court must determine whether the ADA validly abrogates state sovereign immunity. *Id.* At this stage of the proceedings, the Court will presume that the ADA validly abrogates state sovereign immunity for Plaintiff's ADA claims.

Upon review, therefore, the Court concludes that Plaintiff's allegations are sufficient to warrant service of Plaintiff's official-capacity ADA claims against Defendants Lefebvre and Royalty. Accordingly, the official-capacity claims under Title II of the ADA against Defendants Lefebvre and Royalty will proceed.

### C. The Eighth Amendment Claim Regarding Slipping and Falling

In his original complaint and amendments, Plaintiff alleged that on September 19, 2017, after being removed from his cell for water to be cleaned up, "KSR staff" instructed him to return to his cell without his walker or assistance. Plaintiff states that when doing so, he fell in water, was "knocked-out," and hurt his head, elbow, and hip. Plaintiff failed to state which Defendants, if any, were involved in these alleged wrongful acts. Rather than dismissing this claim, the Court gave Plaintiff an opportunity to amend his complaint to name which specific

Defendants were involved in these alleged actions and to describe the facts surrounding how each Defendant allegedly violated his rights.

In the amended complaint now before the Court, Plaintiff fails to address this claim. He provides no facts regarding this claim nor does he indicate which Defendants were involved in this alleged wrongdoing. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff failed to connect this alleged wrongdoing to any Defendant even after the Court gave him an opportunity to amend the claim.

Accordingly, the Eighth Amendment claim regarding slipping and falling will be dismissed for failure to state a claim upon which relief may be granted.

### D. Eighth Amendment Claim Regarding Conditions in the RHU

Plaintiff asserts an Eighth Amendment claim regarding the conditions under which he was housed while in the RHU. According to Plaintiff, he was housed in the RHU for 11 days. Plaintiff states that during his time in the RHU, his cell had no running water, no working plumbing, and no electricity for Plaintiff to use his CPAP machine, and he had no water to drink or wash his body. Plaintiff states that it was Defendants Valentine, Lefebvre, and Royalty who were involved in placing him in the RHU cell.

Plaintiff sues Defendants Lefebvre and Royalty only in their official capacities. Title 42, United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

7

(6th Cir. 2001). The official-capacity claims for damages against Defendants Lefebvre and Royalty will be dismissed on two bases. First, these Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989); *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983).

Consequently, the § 1983 official-capacity claims for monetary damages against Defendants Lefebvre and Royalty will be dismissed. Although a claim for injunctive relief would be allowed to proceed, Plaintiff makes no claim for injunctive relief as to this claim.

However, Plaintiff also brings this claim against Defendant Valentine in her individual capacity. Upon consideration, the Court will allow the Eighth Amendment claim regarding the conditions of his confinement while housed in the RHU to proceed against Defendant Valentine in her individual capacity for monetary damages.

### E. Claim Regarding Using Inmates as Hit Men

Plaintiff states that Defendants use known hit-men inmates to assault Plaintiff and that Defendants award the hit men for their actions. Plaintiff made similar statements in his original

8

complaint and amendments. He has failed to provide any specific facts regarding this allegation in his amended complaint, as he did in his complaint. Plaintiff still does not state which Defendants he alleges used hit-men inmates to assault him, and he does not state how any Defendant was directly involved in this alleged wrongful action. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 56 U.S. at 678.

As to this claim regarding the use of hit men, Plaintiff fails to state the facts for seeking relief against any particular Defendant, and this claim against "Defendants" will therefore be dismissed.

### F. Retaliation Claims

According to Plaintiff, he had an inmate job called "CPTU Watcher." Plaintiff states that on September 17, 2017, inmate Edwards assaulted Plaintiff after Plaintiff refused to bring razor blades and coffee into the RHU. Plaintiff states that Defendants "tried to get [Plaintiff] to be a rat and tell on the other CPTU Watchers, involved in bring[ing] illegal contraband into the [Restricted Housing Unit]." According to Plaintiff, when he refused to be a rat, he was issued a disciplinary report which charged him with hindering an investigation. Plaintiff was found guilty of the charge and was given 11 days in the RHU and loss of 60 days good-time credits. Plaintiff states that he also lost his job as a CPTU Watcher and was removed from the legal aide program.

9

In his Amended Complaint, Plaintiff appears to be asserting three retaliation claims arising from these facts. First, Plaintiff asserts that Defendants Lefebvre and Royalty's filing of a disciplinary report against him for hindering an investigation when he refused to rat out other inmates was an unlawful retaliatory act. Second, Plaintiff alleges that his placement in the RHU as a result of being found guilty of the disciplinary charge was a retaliatory act. Plaintiff states that it was Defendants Valentine, Lefebvre, and Royalty who were involved in placing Plaintiff in the RHU cell. Third, Plaintiff claims that his refusal to be a rat resulted in Defendants Turner, Hall, Dowden, and Valentine retaliating against him by removing him from the legal aide program and in Defendant Valentine retaliating against him by suspending him from the CPTU Watcher program. Plaintiff asserts that he was released from these two programs as a result of being found guilty of the disciplinary charge brought against him.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) "there is a causal connection between elements one and two-that is, the adverse action was motivated, at least in part, by the plaintiff's protected conduct." *Id.*

"The first step in [Plaintiff's] retaliation claim is to determine whether [he was] engaged in protected conduct at all. Absent protected conduct, [Plaintiff] cannot establish a constitutional violation." *Thaddeus-X v. Blatter*, 175 F.3d at 395. Plaintiff alleges that the protected conduct he was engaged in was his refusal to serve as an informant. It is questionable as to whether such conduct is protected for purposes of a retaliation claim. *See Sheppard v. Moore*, 16 F. App'x

574, 574 (9th Cir. 2001) ("Sheppard was unable to establish that he was engaging in constitutionally protected conduct when refusing to serve as an informant."); *Erwin v. Marberry*, No. 04-CV-72620, 2007 WL 4098201, at *6 (E.D. Mich. Nov. 16, 2007) ("[A] prisoner's refusal to serve as an informant is not constitutionally protected conduct, and therefore cannot be used as a basis to substantiate a retaliation claim.").

Further, no adverse action for purposes of retaliation was taken against Plaintiff. The Sixth Circuit has held that prisoners are precluded from collaterally attacking prison misconduct hearings or underlying disciplinary convictions by alleging retaliation under 42 U.S.C. § 1983. *See McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) ("A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction."); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) ("A finding of guilt [on the misconduct charge] based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'") (citing *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)); *Lewis v. Pendell*, 90 F. App'x 882, 883 (6th Cir. 2004) (holding that a § 1983 claim was not cognizable because a favorable ruling on the plaintiff's retaliation claim would imply the invalidity of his disciplinary conviction); *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) ("Norwood cannot evade *Heck's* bar on § 1983 challenges . . . by labeling his cause of action a retaliation claim."); *Ruiz v. Bouchard*, 60 F. App'x 572, 574 (6th Cir. 2003) (finding that the claim of retaliatory filing of misconduct is barred by the prisoner's conviction on the misconduct charge); *Denham v. Shroad*, 56 F. App'x 692, 693 (6th Cir. 2003) ("Because a favorable ruling on Denham's Eighth Amendment claim [alleging excessive use of force by prison officials] would imply the invalidity of his disciplinary conviction, this claim is not cognizable."); *Anthony v. Ranger*,

11

No. 08-CV-11436-DT, 2010 WL 1268031 (E.D. Mich. Mar. 30, 2010) (dismissing a retaliation claim against an officer who filed misconduct charge because it was barred under the habeas exception to § 1983).

Moreover, the official-capacity claims against Defendants Turner, Hall, Dowden, Lefebvre, and Royalty are barred. First, these Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim*)*; *Burrell v. Sumner*, 1998 WL 786979, at *1 (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983).

Accordingly, the retaliation claims will be dismissed.

### III.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1)  The claim under Title I of the ADA against Defendants Lefebvre and Royalty is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2)  The Eighth Amendment claim regarding slipping and falling is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(3)  The Eighth Amendment claims against Defendants Lefebvre and Royalty regarding the conditions of confinement while Plaintiff was housed in the RHU are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief;

(4)  The claim regarding Defendants using inmates as hit men is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(5)  The retaliation claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** as follows:

(1)  The official-capacity claims under Title II of the ADA against Defendants Lefebvre and Royalty will proceed; and

(2)  The Eighth Amendment claim regarding the conditions of confinement while Plaintiff was housed in the RHU will proceed against Defendant Valentine in her individual capacity for monetary damages.

The **Clerk of Court** is **DIRECTED** to add Sgt. Lefebvre and Sgt. Royalty as Defendants to the docket of this action.

The Court passes no judgment on the merits or ultimate outcome of this case. The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the proceeding claims.

Date:


cc: Plaintiff, *pro se*
 Counsel of Record
 Defendants Turner, Domalewski, Lefebvre, and Royalty
4413.003