UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD R. VIOLETT                                                                                    Plaintiff

v.                                                              Civil Action No. 3:17-CV-P531-RGJ

CASEY DOWDEN, *et al.*                                                                             Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald R. Violett, a prisoner incarcerated at the Kentucky State Reformatory (KSR), filed the instant *pro se* action. This matter is before the Court on numerous pending motions. [DN 45; DN 53; DN 57; DN 63; DN 64; DN 65; DN 68; DN 71; DN 72; DN 74; DN 76; DN 80; DN 82; DN 83; DN 89; DN 91; DN 98]. This Order addresses all pending motions of the parties, except for Defendant Domalewski's Motion to Dismiss for Want of Prosecution And/Or Summary Judgment. [DN 69].

Upon initial review of the Complaint and amendments under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed these claims to proceed beyond screening: (1) retaliation claims against Defendants Turner, Dowden, Hall, Valentine, and Domalewski in their individual capacities; (2) equal-protection claims against Defendants Dowden, Turner, Hall, and Valentine in their individual capacities; (3) access-to-courts claim against Defendants Dowden, Turner, Hall, and Valentine in their individual capacities; (4) an Eighth Amendment claim against Defendant Domalewski in his individual capacity for deliberate indifference to Violett's safety; (5) an official-capacity claim under Title II of the Americans with Disabilities Act against Defendants Lefebvre and Royalty; and (6) an Eighth Amendment claim against Defendant Valentine in her individual capacity over conditions of Violett's confinement while housed in the Restricted Housing Unit.

**I.      Motion For Enlargement of Time to File Response to Plaintiff's "Motion for Release of Additional Documents." [DN 65].**

Defendants Dowden, Hall, Turner, Lefebvre, Royalty, and Valentine (the KSR Defendants) filed a motion for extension of time [DN 65] to file a response to Violett's motion seeking "release of additional documents." [DN 57]. The Court finds that the KSR Defendants state adequate grounds for extending the time for a response. As a result, the motion for extension of time [DN 65] is **GRANTED**. The Court considers the response timely filed. [DN 65-2].

**II.     Motion for Extension of Time to File Dispositive Motions. [DN 68; DN 82].**

The KSR Defendants also filed two motions for extension of time to file dispositive motions. [DN 68; DN 82]. The Court finds that the KSR Defendants state adequate grounds for the extension of time. The KSR Defendants' motion for summary judgment is filed as an exhibit to their second motion. [DN 82-2]. For these reasons, the motions [DN 68; DN 82] are **GRANTED**. The Court considers the motion for summary judgment, memorandum in support, exhibits, and proposed order timely filed. [DN 82-2; DN 82-3; DN 82-4 through DN 82-11; DN 82-12].

**III.    Motions for Extension of Discovery. [DN 57, DN 64, DN 71; DN 72].**

Violett has asked for an extension of time to conduct discovery in various pending motions, including his "Motion for Release of Additional Documents" [DN 57], "Motion to Depose Defendants in 'On Camera' Hearing" [DN 64], and his "Motion for Enlargement" in his "Reply to Defendants Various Reponses" [DN 71]. The KSR Defendants originally opposed these motions. [DN 65; DN 67]. But the KSR Defendants later filed their Reponse to Plaintiff's Motion for Enlargement and Defendants' Motion Joining Plaintiff's Request. [DN 72]. In the motion, the KSR Defendants request an extended discovery and briefing schedule. They assert that such extended schedule will not prejudice any of the parties.

While Defendant Domalewski responded in opposition to Violet's motion to depose [DN 70],

he did not file responses to several of the other discovery motions. Defendant Domalewski later opposed the KSR Defendants' motion joining in Plaintiff's request for an enlargement of time for discovery, while not opposing the KSR Defendants' request for additional time to file dispositive motions. [DN 77]. Both responses in opposition assert that there is insufficient justification for continued discovery and that Defendant Domalewski will be prejudiced by reopening discovery because he has already filed his summary judgment motion. [DE 77].

The Federal Rules of Civil Procedure commit to the district court's sound discretion whether to amend a pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Sixth Circuit has suggested "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (A court "may modify a scheduling order for good cause only if a deadline cannot reasonably be met despite the diligence of the party seeking the extension."). This "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." *Woodcock v. Ky. Dept. of Corr.*, No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625 (citation omitted).

The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014). Thus, the movant who fails to show "good cause" is not entitled to relief under Rule 16(b)(4) just because the opposing

3

party will not suffer substantial prejudice by modification of the scheduling order. *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (citing *Leary*, 349 F.3d at 906, 909; *Korn v. Paul Revere Life Ins. Co.,* 382 F. App'x 443, 449 (6th Cir. 2010)).

At the time of the requests for additional discovery, many motions either requesting orders compelling the production of documents, *i.e.*, DN 45, or requesting additional discovery, *i.e.*, DN 57, DN 64, were pending. It appears from the pleadings that Plaintiff was diligently pursuing discovery. At least two of Violett's motions were filed before the discovery deadline, specifically his motions for a medical exam and expert [DN 28] and his motion seeking documents from the subpoenas *duces tecum* filed by Domalewski. [DN 45 at 1]. The Court had not ruled on these motions, and others related to access to the law library, before the discovery deadline in the Court's Amended Order Regarding Service and Revised Scheduling Order. [DN 22]. Given these outstanding motions, the Court finds good cause to grant limited additional time for discovery.

While one of the defendants asserts prejudice, as they have already filed a summary judgment motion, this prejudice can be remedied by the opportunity to supplement the summary judgment motion after discovery is complete, if necessary.

Thus, the requests for an enlargement of time for discovery [DN 71; DN 72] will be **GRANTED** and deadlines for limited additional discovery are set in the Second Revised Scheduling Order which the Court will issue by separate order. Discovery will be limited to the specific claims at issue in Plaintiff's Complaint and not events which took place after the filing of the Complaint. All requests for discovery must adhere to the rulings set forth herein. The Court reminds Plaintiff that discovery requests must comply with Fed. R. Civ. P. 5(d) and should not be filed with the Court until used in the proceeding. Defendants will be granted time to supplement their dispositive motions after this limited discovery. Plaintiff is warned, no further extensions of discovery will be granted.

**IV.     Motion To Obtain Documents. [DN 45].**

Violett's motion requests production to two types of documents. [DN 45]. First, Violett asks the Court to compel "release of the same documents the defendants seek in their 'Notice of Intent' at no cost to the Plaintiff, as he is unable to pay for copies." *Id.* at 1. Defendants did not respond. The Court presumes that Violett is referring to the notices of intent to obtain documents through subpoenas *duces tecum* filed by Domalewski about 10 days before Violett filed this motion. [DN 42; DN 43; DN 44]. These subpoenas *duces tecum* requested the Records Custodian of KSR to produce records related to inmate disciplinary actions against Violett, grievances he filed, and his medical records. *Id.*

The Court's Amended Order Regarding Service and Revised Scheduling Order [DN 22] required Defendants to produce "to Plaintiff all records or documentation relevant to the claim(s) set forth in the complaint that survived initial review." *Id.* at 2. The Order also required Defendants to file a certification that production is complete no later than July 9, 2018. *Id.* Upon review of the docket, Domalewski did not comply with these provisions. Because the documents which Domalewski subpoenaed presumably are relevant to Violett's claims and therefore should be produced under this provision, Violett's motion to obtain these documents is **GRANTED**. The Court directs Domalewski to comply with the Revised Scheduling Order on production and certification of discovery.[1]

Second, Violett also requests Domalewski to provide "[a]ny and all sworn written or recorded statements the Defendants received from their 'God' saying their 'God' caused the serious physical injures to [Violett] and their 'God' swears the Defendants are not liable for the serious physical injuries caused to [Violett]." [DN 45 at 1]. The Court finds that Violett does not make this request in good faith. As a result, the motion to obtain this second class of documents is **DENIED.**

---

[1] Violett refers to a DVD produced to him by Domalewski. While it is unclear if Domalewski produced the DVD in compliance with the Court's Revised Scheduling Order, Domalewski did not file the required certification with the Court. The Court also directs Domalewski to provide the documents contained in the DVD to Violett in paper form.

## V.     Motion For Sanctions. [DN 53].

Violett also filed a motion which he captioned as a "motion to sanction." [DN 53]. This motion requests that "this Court enter an immediate order for Defendants to give Plaintiff access to the Legal Library so Plaintiff [can] conduct [legal] research and type his legal pleadings . . . ." *Id.* at 1. Violett complains that "hand writing each pleading causes great-serious pain and suffering to [Violett's] fingers, hands, and lower arms as Plaintiff is housed in Nursing Care Facility and does not have access to Legal Library or word processor to type legal pleadings." *Id.*

Violett states that "opposing attorney(s)" made false statements when they stated that "'Dr.' Thad Manning did [not] note any complaints of numbness or pains at the time of his examination." *Id.* at 2. He states that Defendant Manning's "licenses has been suspended for lying in medical reports and Manning has never examined the Plaintiff" and that "the only time Manning spoke to the Plaintiff was on June 18, 2018, to tell the Plaintiff that Manning was going to change some of Plaintiff medicines because Plaintiff has high blood pressure . . . ." *Id.*

Violett then criticizes Correct Care staff for their treatment of his complaints about numbness and pain in his fingers, hands, and lower arms and inability to walk. He states, "The opposing attorney(s) are misrepresenting the facts as Plaintiff is not receiving any kind of treatment or medical care for the numbness in his fingers, hands, lower arms, and lower legs." *Id.* He reports that he is no longer using a walker and is now using a wheelchair. *Id.* He requests a hearing and an order that Defendant produce a "paper copy of all medical records on Plaintiff, for after September 18, 2017, to see what treatment or medical care Plaintiff has received . . . ." *Id.* at 3. He also requests the imposition of sanctions and the payment of "additional restitution for the added expense of wasting this Court's time and for pain and suffering Plaintiff has daily." *Id.*

The KSR Defendants responded [DN 55], which Domalewski incorporated as his response [DN 56]. Defendants maintain that Violett was previously an inmate legal aide but no longer has the

6

access to the legal library afforded to a legal aide. Defendants state that Violett has the same access to the law library as any other inmate in the Nursing Care Facility. Defendants argue that Violett must follow the prison's procedures for seeking legal assistance and assert that he has failed to follow those procedures. They attach the affidavit of Defendant Valentine in support of their arguments.

Defendants also maintain that while Violett claims that unspecified "opposing attorneys" have misstated facts from his medical records, they have examined Defendants' recent responses and cannot find any such misstatements. As for Violett's allegations about his medical care, Defendants argue that the complaints mainly concern persons who are not parties. They also maintain that his medical records show that Violett is housed in KSR's Nursing Care Facility and that he had recently been taken to two different private hospitals for treatment outside the prison "so it is clear that [Violett] continues to receive medical care, even if he disagrees with the opinions of the medical professionals." [DN 55 at 2].

In reply [DN 59], Violett states that the inmate legal aides will not assist him out of fear of retaliation. He maintains that his two trips to outside hospitals were not for treatment for his complaints of numbness in his extremities. He also states that KSR staff "tried to get [him] to be a rat" and sent him to segregation which caused his injuries. *Id.* at 2.

As for Violett's request for access to the law library, the Court finds that since filing this motion Violett has filed nine additional motions, eight responses or replies to motions, and six purported affidavits or letters. Violett must show actual injury to state a viable claim for interference with his access to the courts. *Dellis v. Corr. Corp.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). More specifically, an inmate must show that the alleged interference "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. at 351 (internal citations omitted). Violett identifies no actual harm that he suffered in this or any other litigation from his alleged lack of access to the law library. While the Court is sympathetic to Violett's complaints about pain in his hands from hand-writing his filings, based on his pattern of filings the Court determines that

7

Violett has not been hindered in his ability to pursue this case. Also, many of the later motions, [DE 80; DN 89; DN 90; DN 91], are typed and so it appears that Violett does have access to some word-processing equipment.

As for the alleged "false statements" by Defendants' counsel and Violett's complaints about his medical treatment, the Court already addressed these arguments in its Memorandum Opinion and Order denying Violett's motion for preliminary injunction. [DN 61]. The Court found that Violett's own statements and his medical records showed that he has seen KSR medical personnel for his complaints of neck pain and numbness in his extremities for several months. Violett's dispute is with the adequacy of the treatment, which cannot create an Eighth Amendment deliberate indifference claim.

Additionally, many of Plaintiff's assertions about the medical treatment do not relate to the claims in the Complaint or occurred after the claims set forth in the Complaint. By Memorandum and Order [DN 46] entered June 4, 2018, the Court allowed Plaintiff to file a motion to supplement his Complaint and amendment with the claims stated in his affidavit within 30 days. The Court warned Plaintiff that if he failed to comply with the Order within the allotted time he would not be permitted to assert those claims in this action. Plaintiff did not move to supplement the Complaint with any of these new medical assertions. Thus, the claims stated in Plaintiff's affidavit, as well as repeated in later filings, are not part of this action and the Court need not address them here. If Plaintiff wishes to assert those claims, he must file a separate action.

The Court finding no basis for sanctions or the other relief requested by Violett, **DENIES** the motion for sanctions. [DN 53].

## VI. Motion For Release Of Documents [DN 57]; Motion For Discovery [DN 76].

Turning to Violett's motion seeking "release of additional documents," Violett requests "release of documents/medical reports so he may prepare [] for a jury trial." [DN 57 at 1]. Violett seeks copies of medical records from June 6, 2018 to the time the case goes to trial; a copy of dorm passes given to

Violett on June 6, 2018; a copy of the law library sign-in log for June 6, 2018; copies of any appointment slips from when he "supposedly saw" Manning for medical problems; a copy of "proof [that] Thad Manning saw inmates on June 8, 2018"; and copies of grievances he filed about lack of medical treatment and lack of access to the law library. *Id.* Violett also requests a copy of all "disciplinary report detention orders, issued against [Violett] either dismissed or heard, from September 17, 2017 to present after [Violett] refused to be an informer for KSR staff or any other disciplinary report, dating back to April, 2015." *Id.* at 2. Finally, Violett requests "an ongoing or continuance discovery order be issued for an additional discovery/medical records be made available [paper copy order] as [Violett] is being denied to the KSR library to view any DVD disk supplied by opposing attorney." *Id.* (Brackets by Violett).

In the KSR Defendants' response, they argue that "there is no basis for the Court to issue an order compelling Defendants to produce documents that have never been requested by [Violett] pursuant to Fed. R. Civ. P. 34." [DN 65-2 at 1]. Defendants also maintain that the Court set the discovery deadline for July 9, 2018. *Id.* Defendants argue that based on that deadline counsel obtained and produced all the records relevant to Violett's claims and filed a certification stating they had produced relevant records to Violett. *Id.* at 2. The certification noted that the production "include[d] 213 pages of medical, disciplinary and other records." *Id.*

The KSR Defendants also maintain, "[a]ny claim for which [Violett] is attempting to recover in this action would have to be included in his Amended Complaint, filed December 19, 2017 and would have to have occurred prior to that date . . . ." *Id.* They argue that Violett is now asking the Court to extend discovery until "'he goes to trial.'" *Id.* The KSR Defendants further state that discovery is complete, that Violett has all relevant documents, and that "[Violett] made no effort to conduct discovery prior to the deadline set by the Court." *Id.*

Violett also filed a motion captioned as a "motion for additional discovery," [DN 76], in which

9

he requests disciplinary reports and complaints filed against Defendants Domalewski and Royalty with any state agency; medical reports for Violett from June 6, 2018 to present; and disciplinary reports filed against Violett from September 17, 2017 to present. *Id.* at 1.

The parties must engage in discovery in accordance with the Federal Rules of Civil Procedure and this Court's Order. Rule 5(d)(1) states, "[T]he following discovery *requests* and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things . . . and requests for admission." (emphasis added). Discovery requests must be served on the adverse party and should not be sought by a motion to the Court. The instant motions, requesting the production of documents, are thus improper under the Federal Rules of Civil Procedure. Any discovery requests must be made to the parties or to third-parties as required by the Federal Rules of Civil Procedure. They should not be filed with the Court.

Moreover, as Defendants point out, the discovery requests appear to be related to events after Violett filed his Complaint and do not pertain to Violett's claims in this action. The Court has been generous in allowing Violett to amend his Complaint but will not allow any more amendment or supplementation at this stage. This does not prevent Violett from filing a separate action about more recent events if he chooses to do so. For these reasons, Violett's motion for release of documents [DN 57] is **DENIED.** Plaintiff's motion for additional discovery [DN 76] is **DENIED** to the extent that it fails to comply with the Federal Rules of Civil Procedure.

**VII.   Motion To Compel Access To Law Library. [DN 63].**

Violett next moves the Court to "issue an order against Defendant Valentine to give [Violett] access to KSR law library so he may do his own legal research, watch his trial videotapes, DVDs, and prepare his own legal pleading." [DN 63 at 1].

The KSR Defendants responded [DN 66] arguing that this motion should be denied for the same reasons they argued against Violett's motion for sanctions, in which he also sought access to the law

library. [DN 53]. They also maintain that "there are no 'trial videotapes' or DVD's for [Violett] to review and as a former legal aid[e], with extensive litigation experience, [Violett] is in a better position than most inmates to prepare his own legal pleadings." [DN 66 at 1]. They argue that Violett "refuses to comply with the prison's procedures for obtaining legal aid[e] assistance even though, as a former legal aid[e] himself, [Violett] is aware of the procedure." *Id.* at 2.

In his reply [DN 71], Violett states that there are "15 trial and appeal videotapes; one grand jury tape; and one DVD [sent to Plaintiff by Attorney Megan O'Reilly] as Plaintiff is still fighting his criminal case and those 15 videotapes and grand jury tape clearly shows Plaintiff is . . . incarcerated on dismissed charges, making Plaintiff's conviction void ab initio." *Id.* at 1 (Brackets by Violett). He further asserts that O'Reilly, counsel for Defendant Domalewski, supplied him a DVD, which contains "medical records of [Violett], that is very important to prosecution of this complaint, and, [Violett] needs to view all evidence, to prepare himself for court hearings." *Id.* Violett also argues that KSR legal aides use "the illegal act of extortion to get paid canteen items in exchange for their legal assistance and, [Violett] refuses to [pay] extortion to have inadequate assigned legal aides view videotapes and DVD[s]." *Id.* at 1–2.

As stated above, based on the pattern of filings here, the Court finds that Violett has filed many motions and other filings and has not alleged or shown how he has suffered any actual harm in pursuing this litigation. Thus, Plaintiff's motion to compel access to the law library [DN 63] is **DENIED.**

That said, the Court finds that Defendant Domalewski's production of documents to Violett on a DVD may create a hardship for Violett as for viewing and access to the documents. Thus, Defendant Domalewski must produce all documents contained on the DVD to Violett in paper form within <u>21 days</u> of entry of this Memorandum Opinion and Order.

**VIII.   Motion To Depose Defendants In "On Camera" Hearing. [DN 64].**

Violett states, "After multiple lies having been told by Defendants, leading to incorrect opinion by this Court, [Violett] petitions for this Court to set and conduct an 'on camera' hearing so essential testimony by Defendant Valentine and Domalewski can be recorded/presented for the upcoming jury trial." [DN 64 at 1].

The KSR Defendants and Defendant Domalewski responded [DN 67; DN 70] arguing that discovery is closed and that Violett states no basis for reopening discovery to conduct depositions. The Court construes Violett's motion as asking for a hearing, rather than asking to take depositions. This action is at the summary judgment stage. A hearing to obtain testimony at this stage is inappropriate. Moreover, any determination of whether the Defendants are being truthful must be made by the jury at the trial of this action, should one occur after the Court rules on Defendants' motions for summary judgment. As a result, Violett's request for a hearing [DN 64] is **DENIED**.

**IX.   Motion to Strike [DN 74] and Plaintiff's Petition for Jury Trial and Defendant Not Entitled to Summary Judgments [DN 80].**

Violett asserts that the Court should strike Defendant Domalewski's summary judgment motion because counsel failed to serve him with the motion. While Defendants must serve all pleadings on the Plaintiff, there is no evidence before the Court of a deliberate failure by the Defendants to serve Violett. It also appears that Plaintiff now has Domalewski's motion in his possession and has responded. [DN 80]. As the discovery deadline will be extended and as Defendants will be given an opportunity to supplement their dispositive motions, Violett will also be given another opportunity to timely respond to the Defendants' motion. For these reasons, Plaintiff's motion to strike [DN 74] is **DENIED.**

As for Plaintiff's petition for jury trial and Defendant not entitled to summary judgments, the Court considers this document a response to Defendants' summary judgment motions. The Court also considers any request to set a date for jury trial to be premature. A date for jury trial, if

necessary, will be set by the Court after the dispositive motions are decided. Thus, Plaintiff's request to set a jury trial [DN 80] is **DENIED** at this time.

X.      **Motion Regarding Inmate Account. [DN 83].**

Plaintiff filed a motion requesting an order to "stay" liens placed against his inmate trust account for legal expenses. [DN 83]. He states that he is indigent and that he requested in his Complaint for Defendants to pay his legal expenses. *Id.* at 1. He states that during this litigation Defendants "continue their harassment toward Plaintiff by placing a lien against any future funds the Plaintiff may receive and, before this Court can decide if Defendants should pay for Plaintiff's legal expenses . . . ." *Id.* He asks that the Court issue a "restraining order to stay any liens placed against the Plaintiff's inmate accounts and any funds already taken from Plaintiff returned to his account until this Court can decide all issues and merits" of his claims. *Id.* at 1–2.

The KSR Defendants responded [DN 86], arguing that the motion does not seek relief from any Defendant to this action but in fact seeks relief from the Kentucky Department of Corrections (KDOC), which is not a party to this action. *Id.* at 1. They assert that Plaintiff seeks to prohibit KDOC from complying with this Court's Order to deduct the filing fee for this action from Plaintiff's inmate account and from enforcing other liens against his account for litigation expenses. *Id.* The KSR Defendants maintain that the largest lien on Plaintiff's inmate account is for "the filing fee for this action, which the Court has ordered the DOC to deduct from the Plaintiff's account." *Id.* at 2. Defendants also assert:

> The Plaintiff argues that liens are being placed against his account to 'harass' him, but the Plaintiff is well aware, given his years as an inmate legal aid[e] and the numerous liens placed against his inmate account over the last 25 years, that when a Court orders the Commonwealth to deduct filing fees from an inmate's account, or when the Commonwealth of Kentucky pays an indigent inmate's expenses, such as those for postage and copies, a lien is placed against the inmate's account for the amount advanced to him or her.

*Id.*

13

While the Court may ultimately award Plaintiff fees and costs after the trial of this matter, the assessment of the filing fee in a prisoner-filed action is governed by 28 U.S.C. § 1915(b) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Section 1915(b)(2) provides that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Under *McGore v. Wrigglesworth*, 114 F.3d at 605, a plaintiff's obligation to pay the filing fee attaches when he files his action. The Court entered the Order for Payment of Inmate Filing Fee [DN 9] requiring KSR to collect the filing fee in installments in accordance with 28 U.S.C. § 1915(b)(2).

Upon consideration, the Court finds that Plaintiff has not shown that KSR or the KDOC has violated the Court's Order for Payment of the Inmate Filing Fee or that any litigation costs are being assessed to harass Plaintiff. Moreover, Plaintiff essentially asks this Court to interfere in the day-to-day operations of the prison, which this Court is not inclined to do. "It would not be in the public's interest to have this Court interfere with prison officials' discretion in the operation and management of the correctional facility. Instead, a strong public interest exists in leaving the administration of prisons to prison officials." *Hart v. Kane*, No. 5:16-300-DCR, 2017 U.S. Dist. LEXIS 150972, at *10 (E.D. Ky. Sept. 18, 2017) (citing *Rhinehart v. Scutt*, 509 F. App'x 510, 515 (6th Cir. 2013)).

And to the extent that Plaintiff is arguing a denial of due process in the handling of his inmate trust account, in order to state a due process claim, plaintiff must allege that the state's post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). The Sixth Circuit has found that Kentucky has an adequate post-deprivation procedure that inmates can use. *See Wagner v. Higgins*, 754 F.2d 186, 191–92 (6th Cir. 1985). For these reasons, Plaintiff's motion seeking to stay liens on his inmate trust account [DN 83] is **DENIED**.

## XI. Petition to Obtain / Submit Documents [DN 89] and Motion to Submit Documents and Order to Preserve Physical Evidence and Judgment in Favor of Plaintiff. [DN 91].

Violett files two similar motions to submit documents. [DN 89; DN 91]. Both briefs make arguments about deliberate indifference and other issues which the Court interprets as a motion for summary judgment and response to Defendants' dispositive motions. To the extent that these briefs address dispositive issues they will be considered by the Court in its determination of the summary judgment motions after the completion of discovery. Further, the to extent that Plaintiff is "petition[ing] to obtain" documents, the Court has granted limited additional discovery and Plaintiff is directed to comply with the Federal Rules of Civil Procedure and the Second Revised Scheduling Order to seek any additional documents. For these reasons, Plaintiff's Petition to Obtain / Submit Documents [DN 89] is **DENIED as moot**.

As for Violett's request for preservation of physical evidence, Violett requests to "preserve" the gate which he claims he could not get through with his walker. Violett suggest that this gate is necessary for him to prove his claims that the conditions of the Restricted Houseing Unit violated the ADA. Plaintiff has also suggested in his reply [DN 97] that such preservation could take place in the form of photographs of the gate. In light of the fact that the gate does pertain to Violett's claims, Violett's motion to preserve evidence [DN 91] is **GRANTED in part** and the KSR Defendants are ordered to produce photographs from both directions and measurements of the gate at issue to Violett in paper form within 14 days of this Order.

## XII. Motion For Appointment Of Counsel. [DN 98].

Plaintiff also moves for the appointment of counsel. [DN 98]. In support of the motion, he states that Defendants are "concealing discovery; filing false/misleading information; and Plaintiff is a layperson to civil rights litigations and those scopes exceeds his capacity to coherently present his claims and arguments." *Id.* at 1. Plaintiff states that he has tried to hire counsel, to no avail. *Id.* at 1–2.

He disputes statements by Defendant Valentine in an affidavit. *Id.* at 4–5. Plaintiff also makes an argument about the validity of his underlying conviction, which is not at issue here. *Id.* at 6.

Appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[2] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues does not require the appointment of counsel. A review of the many filings by Plaintiff thus far reveals that he is familiar with the workings of the legal system and articulate and able enough to present his case to the Court. He also has presented no basis for finding that his circumstances differ from any other *pro se* prisoner litigating a case. "[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts." *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 U.S. Dist. LEXIS 8641, at *4 (W.D. Mich. Feb. 22, 2006). Indeed, "[t]hese are ordinary and routine impediments incident to prisoner litigation." *Id.*

As for Plaintiff's argument that Defendants are "concealing discovery, [and] filing false/misleading information," the Court finds no basis for these assertions. To the extent that Plaintiff

---

[2] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

seeks additional discovery from Defendants, the Court has extended the discovery deadline. As a result, Plaintiff's motion for appointment of counsel [DN 98] is **DENIED**.

Accordingly, **IT IS ORDERED** that the motion for extension of time [DN 65] is **GRANTED**. The response is considered timely filed and the Clerk of Court is **DIRECTED** to re-docket the response [DN 65-2] as a separate docket entry dated as of the date the motion for extension was filed and to re-docket the tendered order [DN 65-3] as an attachment to the response.

**IT IS FURTHER ORDERED** that the motions for extension of time to file dispositive motions [DN 68; DN 82] are **GRANTED**. The Clerk of Court is **DIRECTED** to re-docket the motion for summary judgment, memorandum in support, exhibits, and proposed order [DN 82-2; DN 82-3; DN 82-4 through DN 82-11; DN 82-12] as of the date the motion for extension was filed.

**IT IS FURTHER ORDERED** that the requests for an enlargement of time for discovery [DN 71; DN 72] are **GRANTED** and deadlines for limited additional discovery are set forth in the Second Revised Scheduling Order which will be filed by separate order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to obtain documents [DN 45] is **GRANTED in part** and **DENIED in part** as stated above.

Within 21 days of the entry date of this Memorandum Opinion and Order, Defendant Domalewski shall produce to Plaintiff all documents received from the KSR Records Custodian in response to the subpoenas *duces tecum* referenced above. All documents must be produced in paper form.

Also within 21 days of entry of this Memorandum Opinion and Order, Defendant Domalewski shall comply with the Court's Revised Scheduling Order and shall produce to Plaintiff all records or documentation relevant to the claims that survived initial review. Defendant Domalewski shall certify that the production is complete and file the certification with the Court. All documents must be produced in paper form.

**IT IS FURTHER ORDERED** that the motion for sanctions [DN 53] is DENIED.

**IT IS FURTHER ORDERED** that Violett's motion for release of documents [DN 57] is **DENIED.** Plaintiff's motion for additional discovery [DN 76] is **DENIED** to the extent that it is not in compliance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel access to the law library [DN 63] is **DENIED**. However, the Court finds that Defendant Domalewski's production of documents to Plaintiff on a DVD may create a hardship for Plaintiff in viewing and access to the documents. Thus, **IT IS ALSO ORDERED** that Defendant Domalewski must produce all documents contained on the DVD to Plaintiff in paper form within 21 days of entry of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Violett's request for a hearing [DN 64] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike [DN 74] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request to set a jury trial [DN 80] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking to stay liens on his inmate trust account [DN 83] is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's petition to obtain/submit documents [DN 89] and motion to submit documents and order to preserve physical evidence and judgment in favor of plaintiff [DN 91] address dispositive issues, they will be considered by the Court in its determination of the summary judgment motions after discovery and thus, [DN 89] is **DENIED as moot** and [DN 91] is **DENIED in part as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to preserve evidence [DN 91] is **GRANTED in part** and the KSR Defendants are ordered to produce photographs from both directions and measurements of the gate at issue to Violett in paper form within 14 days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [DN 98] is

18

**DENIED**.

Date:

cc: Violett, *pro se*
 Counsel of record
A961.010