UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD R. VIOLETT                                                                                      Plaintiff

v.                                                    Civil Action No. 3:17-CV-P531-RGJ

CASEY DOWDEN, *et al.*                                              Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Donald R. Violett, a prisoner incarcerated at the Kentucky State Reformatory (KSR), filed the instant *pro se* action. This matter is before the Court on two motions for sanctions filed by Plaintiff (DNs 109 and 113).

By prior Memorandum Opinion and Order (DN 100), the Court granted in part Plaintiff's motion to "preserve" evidence and ordered Defendants Casey Dowden, John Hall, Teresa Turner, Christopher Lefebvre, Jeffrey Royalty, and Anna Valentine (the "KSR Defendants") to produce photographs and measurements of a gate which Plaintiff stated that KSR was about to destroy. The KSR Defendants have produced two sets of photos in response to the Order (DNs 105 and 107). The instant motions for sanctions stem principally from the photographs and measurements produced by the KSR Defendants in response to the Order.

In the first motion for sanctions (DN 109), captioned "Objections to Defendants' Second Set of Photographs and Rule 11 Motion for Sanctions," Plaintiff states that he objects to the second set of photographs and measurements by the KSR Defendants on the basis that Defendant Royalty took the measurements and that Plaintiff was not permitted "to be present to require Defendant Royalty use the measuring tape correctly." Plaintiff states, "Defendants' photographs and measurements only shows a portion of RHU-5-right gates that goes into shower.

Defendants' counsel admits no photographs or measurements were done to gate where correctional officers and inmates enter into RHU-5-right." Plaintiff maintains that this is an "act of deception" which has cost him "additional expenses and labor having to pump a wheelchair over ¼ mile to the legal office to type pleadings and have copies made[.]" Plaintiff states that Fed. R. Civ. P. 11 permits sanctions to be awarded in his favor and asks the Court to sanction "opposing counsel at a rate of $5,000.00 for past deceptions and future deceptions."

In Plaintiff's second motion for sanctions (DN 113), Plaintiff states, "Defendants' trained attorney submitted photographs of a cell door to RHU-5-right-1 to[] mislead the Federal Court. Mr. Violett objected, leading to the Federal Judge viewing frivolous evidence." He continues, "Defendants, through conspiracy to play games with the Federal Judge and Mr. Violett, submitted photographs and measurements of a gate leading to RHU-5-right shower. Fraud, deception and, corruption, perpetrated upon the Federal Judge." Plaintiff further asserts that Defendants' counsel "will not submit photographs and measurements of the 'gate' where correctional staff and inmates enter RHU-5-right. Mr. Violett asserts the widest part of the walker is the distance between the wheels and the Defendants will not confess the wheels of a walker will not go through the gate entering RHU-5-right."

In response to the motions for sanctions, the KSR Defendants respond that the photographs and measurements taken of RHU-5-right were of "the portion the Plaintiff keeps complaining about, when recounting the difficulty of walking to the shower." Referring to Plaintiff's motion to preserve evidence (DN 91) and his reply (DN 97), Defendants state, "[T]he Plaintiff asked for photographic evidence to 'preserve' a single gate that he has complained about as not being wide enough for his walker, specifically when going to the shower. . . . Now it appears that the Plaintiff is complaining that every entrance to the RHU must accommodate his walker." Defendants argue that Plaintiff's complaints about the measurements taken amount to

2

"mere speculation that Defendant Royalty may not have 'use[d] the measuring tape correctly[.].'"

> Rule 11 of the Federal Rules of Civil Procedure provides as follows:
>
> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). Rule 11 further provides that the court may impose "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (citations omitted). "A good faith belief in the merits of a case is insufficient to avoid sanctions." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003).

Rule 11 requires a party seeking sanctions to file a motion for sanctions separate from other motions or requests and to describe the specific conduct that allegedly violates Rule 11(b). *See* Fed. R. Civ. P. 11(c)(2); *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). It further requires the party seeking sanctions to first serve the motion on the opposing party at least 21 days prior to filing it with the Court. *Id*. This two-step procedural requirement, referred to as the Safe Harbor Provision, is as follows:

> "intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation . . . . [T]he timely withdrawal of a contention will protect a party against a motion for sanctions."

*Ridder*, 109 F.3d at 294 (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)). The Sixth Circuit "has expressly ruled that Rule 11 is unavailable where the moving party fails to serve a timely 'safe harbor' letter." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002) (quoting *Ridder*, 109 F.3d at 297).

Upon review, Plaintiff failed to timely serve a "safe harbor" letter, which alone is grounds for denying his Rule 11 motions. However, even if he had complied with this procedural requirement, the Court finds that Plaintiff has failed to establish that the KSR Defendants were unreasonable or not acting in good faith when they produced the photos and measurements and that the mistake was not out of genuine confusion over the gate which Plaintiff requested to be preserved by photograph. Moreover, to the extent that Plaintiff complains that he was not permitted to be present when the photos and measurements were taken, the Court did not order that he be present, and the Court finds that his presence was unnecessary. Thus, the Court finds that Rule 11 sanctions are not warranted in connection with the photos and measurements produced by Defendants.

In addition to his dispute with the photos and measurements, Plaintiff also goes on to detail the alleged "past deceptions" he claims were made by Defendants. The KSR Defendants and Defendant Charles Domalewski object to Plaintiff's characterization of their statements. These are the same or similar statements concerning Plaintiff's medical care that Plaintiff raised in his motion for preliminary injunction and previous motion for sanctions. The Court has addressed Plaintiff's disagreement with statements concerning his medical care in its order

4

denying Plaintiff's motion for preliminary injunction (DN 61) and order denying his previous motion for sanctions (DN 100, § V). The Court again finds no basis for awarding sanctions related to Plaintiff's assertions about his medical care. The Court instructs the *pro se* Plaintiff that he should avoid making repetitive arguments and that the appropriate time to dispute Defendants' factual assertions is at the summary-judgment stage or at trial, if one takes place. Accordingly,

**IT IS ORDERED** that Plaintiff's motions for sanctions (DNs 109 and 113) are **DENIED**.

While sanctions are not warranted, the Court is sympathetic to Plaintiff's concerns about the photos and measurements produced by the KSR Defendants. It is unclear what gates have been photographed, and the photos do not clearly show whether or not the gates photographed were wide enough for Plaintiff's walker to pass through them. To aid in the Court's resolution of this issue,

**IT IS ORDERED** that within **14 days** of the entry of this Order, Defendants shall produce the following:

(1) a map of the Restricted Housing Unit where Plaintiff was placed in September 2017 showing all gates;

(2) photos of every gate in the Restricted Housing Unit from both directions showing the width with the full measuring tape across it;

(3) photos of every gate in the Restricted Housing Unit from both directions showing the walker used by Plaintiff at the time he was housed in the Restricted Housing Unit;[1] and

---

[1] The Court notes that in Plaintiff's "motion for additional discovery" (DN 117), Plaintiff states that at the time he was housed in the Restricted Housing Unit he had a "big red walker."

(4) measurements of the width of every gate in the Restricted Housing Unit.

Date: July 26, 2019

　　　　　　　　　　　　　　　　　　　　　　　Rebecca Grady Jennings, District Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

cc:　　　Plaintiff, *pro se*
　　　　　Counsel of record
A961.010