UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DONALD R. VIOLETT                                               Plaintiff

v.                                                     Civil Action No. 3:17-CV-P531-RGJ

CASEY DOWDEN, *et al.*                                    Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Donald R. Violett, a prisoner incarcerated at the Kentucky State Reformatory (KSR), filed the instant *pro se* action. This matter is before the Court on three pending motions by Plaintiff (DNs 116, 117, and 125).

### *Motion "to depose" (DN 116)*

Plaintiff filed a motion "to depose" requesting permission to submit written questions to Defendant Anna Valentine and to non-parties Kim Thompson and Daniel King. Defendant Valentine filed a response to the motion stating that, while Plaintiff did not comply with the procedural requirements for taking a deposition by written question under Fed. R. Civ. P. 31, she provided responses to Plaintiff's written questions nonetheless (DN 119). Defendant Valentine further states that Thompson and King are not parties to the action and are not represented by counsel for Defendants. Defendant Domalewski also filed a response stating that Thompson and King are not parties and are not represented by counsel (DN 120).

Rule 31 of the Federal Rules of Civil Procedure allows for depositions by written questions. The Rule provides:

> (a) When a Deposition May Be Taken.
>
> (1) Without Leave. A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
>
> (2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
>> (A) if the parties have not stipulated to the deposition and:
>>   (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;
>>   (ii) the deponent has already been deposed in the case; or
>>   (iii) the party seeks to take a deposition before the time specified in Rule 26(d); or
>>
>> (B) if the deponent is confined in prison.

Therefore, under Fed. R. Civ. P. 31(a)(2)(A), leave of court is required only if the parties have not stipulated to the deposition **and** one of the circumstances in Fed. R. Civ. P. 31(a)(2) is present. As none of those circumstances exist here, Plaintiff is not required to obtain leave of Court before serving non-party witnesses Thompson and King with depositions by written questions. Accordingly,

**IT IS ORDERED** that the instant motion (DN 116) is **DENIED**.

*Motion for additional discovery (DN 117)*

Plaintiff also filed a motion for additional discovery requesting additional photographs to be taken of the entrance gate in the Restricted Housing Unit. By separate Memorandum Opinion and Order, the Court ordered the KSR Defendants to produce additional photos and measurements of the gates in the Restricted Housing Unit. Accordingly,

**IT IS ORDERED** that the motion for additional discovery (DN 117) is **DENIED as moot**.

*Motion to dismiss Defendants John Hall and Teresa Turner (DN 125)*

Plaintiff also filed a motion "to modify amount of Defendants" in which he "asks this Court to dismiss KSR defendants Hall and Turner as their part were minimum to the harassment Mr. Violett has suffered before and after filing this Civil Rights Complaint."

Rule 41 of the Federal Rules of Civil Procedure pertains to voluntary dismissal. "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Upon consideration,

**IT IS ORDERED** that Plaintiff's motion to dismiss his claims against Defendants Hall and Turner (DN 125) is **GRANTED**.

The **Clerk of Court is DIRECTED to terminate Defendants Hall and Turner** as parties to this action.

To the extent that Plaintiff states in his motion that he wishes to "retain" his other claims, the Court does not construe the motion as adding any claims or Defendants to this action.

Date: July 26, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
A961.010

3